**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John W Debruyn, et al., | No. CV-17-01424-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Juan Jose Hernandez, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Summary Judgment (Doc. 50).[1] Plaintiffs filed a Response (Doc. 53) and Defendants filed a Reply (Doc. 55).

**I.  BACKGROUND**

On the night of April 1, 2016, Plaintiff Beverly Debruyn ("Mrs. Debruyn") was driving south on Mohave Road in Parker, Arizona, while her husband, Plaintiff John Debruyn ("Mr. Debruyn"), was in the front passenger seat. (Doc. 51 ¶ 1; Doc. 54 ¶ 1). Further south on Mohave Road, Defendant Juan Hernandez ("Mr. Hernandez"), operating a tractor with a baler in tow,[2] turned left from Burns Street onto Mohave Road. (Doc. 51 ¶¶ 7-8, 21; Doc. 54 ¶¶ 7-8, 21). Once on Mohave Road, Mr. Hernandez proceeded south accelerating to the tractor's top speed of eighteen miles per hour. (Doc. 51 ¶ 8; Doc. 54 ¶ 8). About half a mile south of Burns Road, at the intersection of Fisher Road and Mohave

---

[1] Defendants' request for oral argument is denied because the parties have had an opportunity to adequately brief the issues and oral argument would not aid the Court's resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] For the purposes of this Order, the Court will refer to the tractor and the baler collectively as the "tractor."

Road,[3] Plaintiffs' vehicle struck the tractor from behind with a pre-impact speed of approximately fifty to fifty-five miles per hour. (Doc. 51 ¶ 10; Doc. 54 ¶ 10). Plaintiffs did not see the tractor before they collided with it. (Doc. 51 ¶ 11; Doc. 54 ¶ 11). Plaintiffs and Mr. Hernandez were transported by ambulance to La Paz Regional Hospital. (Doc. 51-7 at 4).

The tractor, owned by Defendant Miguel Torres ("Mr. Torres") and Torres Farms II, LLC ("Torres Farms"), was operated by Mr. Hernandez on April 1, 2016, as part of his employment for Torres Farms. (Doc. 51 ¶¶ 7-8, 21; Doc. 54 ¶¶ 7-8, 21). Mr. Hernandez has been an employee of Torres Farms since 1997, but he learned to drive a tractor in 1994 while working for a different farm. (Doc. 51 ¶ 21; Doc. 54 ¶ 21). Since he was hired by Torres Farms, he has never been disciplined for any activity and prior to the subject collision, he had never been involved in any farm equipment collision. (Doc. 51 ¶¶ 23, 24; Doc. 54 ¶¶ 23, 24).

On April 5, 2017, Plaintiffs filed their Complaint in Arizona state court, naming Mr. Hernandez, Mr. Torres, Torres Farms, and several fictitious individuals and entities as Defendants (collectively "Defendants"). (Doc. 1-2 at 2-8). In their four-count Complaint, Plaintiffs allege that: (1) Mr. Hernandez negligently "failed to yield the right of way" to Plaintiffs, which caused Plaintiffs' vehicle to collide with the rear of the tractor operated by Mr. Hernandez; (2) Mr. Hernandez "failed to yield the right-of way [sic]" to Plaintiffs in violation of A.R.S. § 28-856 and, therefore, Mr. Hernandez was negligent *per se*; (3) Mr. Torres and Torres Farms are vicariously liable for Mr. Hernandez's negligence and negligence *per se*; and (4) Mr. Torres and Torres Farms were negligent for hiring and retaining Mr. Hernandez as an employee and for entrusting Mr. Hernandez with the tractor. (*Id.* at 4-6). Plaintiffs have since abandoned their negligent failure to yield theory and now assert that Mr. Hernandez was negligently operating the tractor on Mohave Road without lights on. (Doc. 55 at 6-7).

---

[3] Attached to Defendants' Statement of Facts (Doc. 51) is a map of the accident location (Doc. 51-4) and the police report, which contains a crash diagram (Doc. 51-7 at 9).

- 2 -

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is properly granted when: (1) there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material, and "all inferences are to be drawn in the light most favorable to the non-moving party." *Eisenberg*, 815 F.2d at 1289; *see also Celotex*, 477 U.S. at 324. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

## III. DISCUSSION

### A. <u>Count One: Negligence</u>

In their Motion, Defendants argue that Plaintiffs' negligence claim against Mr. Hernandez, Count One of the Complaint, is limited to his failure to yield the right-of-way to Plaintiffs. (Doc. 50 at 4). Plaintiffs, however, contend that the Complaint must only provide notice of the claims against Defendants and that their negligence claim against Mr. Hernandez is broad enough to cover all forms of negligently operating the tractor that resulted in the collision. (Doc. 53 at 2, 4-6). In Count One, Plaintiffs state that Mr. "Hernandez failed to yield the right of way of [sic] Plaintiffs. . . . As a result of Defendants' negligence, Plaintiff [sic] suffered injuries." (Doc. 1-2 at 4-5).

Under Rule 8(a),[4] a claimant need not "set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather the complaint need only provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. However, in some cases it is possible for a plaintiff to plead too much. *Castillo v. Norton*, 219 F.R.D. 155, 162 (D. Ariz. 2003) ("While a plaintiff is entitled to go beyond the requirements of Rule 8 and plead additional facts, it is well-established that if the plaintiff chooses to provide additional facts, the plaintiff cannot prevent the defendant from suggesting those same facts demonstrate the plaintiff is not entitled to relief.") (internal quotation and citation omitted)); *see also Romine v. Acxiom Corp*., 296 F.3d 701, 706 (8th Cir. 2002) ("While notice pleading does not demand that a complaint expound the facts, a plaintiff who does so is bound by such exposition.") (quotation omitted); *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) ("More is not necessarily better under the Federal Rules; a party 'can plead himself out of court by . . . alleging facts which . . . demonstrate that he has no legal claim.'") (quoting *Trevino v. Union Pac. R.R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990)).

In Count One, Plaintiffs specifically plead that Mr. "Hernandez failed to yield the right of way of [sic] Plaintiffs." (Doc. 1-2 at 4-5). Count One is devoid of any other facts or allegations to support a broad and general negligence claim. Thus, despite Plaintiffs' contention that Count One is broad enough to cover all forms of negligent operation of the tractor, the Court finds that Plaintiffs are bound to the specific theory of negligence that they plead. In other words, Plaintiffs limited their negligence claim by specifically pleading that it was Mr. Hernandez's failure to yield the right-of-way that caused Plaintiffs' injuries.

Plaintiffs have failed to provide any evidence demonstrating that Mr. Hernandez

---

[4] "[F]ederal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Enterprise Bank & Trust v. Vintage Ranch Inv., LLC*, 2012 WL 1267988, *2 (D. Ariz. April 16, 2012) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) (internal quotation marks omitted)). Because jurisdiction in this case is based on diversity, Arizona substantive law applies to this action. Nevertheless, the Rules govern the procedural aspects of this action after removal. *See Villalobos v. Deutsche Bank Nat'l Tr. Co*., 2010 WL 11565261, at *1 (W.D. Wash. Apr. 13, 2010) (holding that Rule 8 applies to cases in which the federal court sits in diversity jurisdiction).

failed to yield the right-of-way to Plaintiffs. In fact, Plaintiffs state that they are no longer "advancing a theory that [Mr.] Hernandez was leaving Fisher Road and therefore failed to yield to Plaintiffs traveling on Mohave Road." (Doc. 53 at 5). Accordingly, Plaintiffs' negligence claim, as plead in Count One of the Complaint, does not survive Defendants' Motion for Summary Judgment.

### B. Count Two: Negligence *Per Se*

Count Two of Plaintiffs' Complaint alleges that Mr. Hernandez "failed to yield the right-of way [sic]" to Plaintiffs in violation of A.R.S. § 28-856 and, therefore, Mr. Hernandez is negligent *per se*. However, Plaintiffs now provide that they "concede that there are no facts to support a negligence *per se* claim under A.R.S. § 28-856." (Doc. 53 at 5). In light of Plaintiffs' representations, Plaintiffs' negligence *per se* claim does not survive Defendants' Motion for Summary Judgment.

### C. Count Three: Vicarious Liability

Count Three of Plaintiffs' Complaint alleges that Mr. Torres and Torres Farms are vicariously liable for Mr. Hernandez's negligent acts. (Doc. 1-2 at 5). Defendants argue that, if the Court grants summary judgment in their favor on Plaintiffs' negligence and negligence *per se* claims, then the vicarious liability claim must also be dismissed. (Doc. 50 at 7). The Court agrees.

"In Arizona, an employer may be held vicariously liable under the doctrine of respondeat superior for the negligent acts of its employee acting within the course and scope of employment." *Engler v. Gulf Interstate Eng'g, Inc.*, 258 P.3d 304, 309 (Ariz. Ct. App. 2011), *aff'd*, 280 P.3d 599 (Ariz. 2012). Vicarious liability results solely from the principal-agent relationship: "those whose liability is only vicarious are fault free—someone else's fault is imputed to them by operation of law." *Wiggs v. City of Phoenix*, 10 P.3d 625, 629 (Ariz. 2000); *see also* Restatement (Second) of Agency § 217B, cmt. c (1958) (stating that "the liability of the [principal] cannot exist without the liability of the [agent]"). Thus, courts often used "vicarious" liability synonymously with "derivative" liability. *See, e.g.*, *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30-31 (Ariz. 1986).

Under Arizona law, dismissal of the negligence claim against the employee necessitates dismissal of the vicarious liability claim against the employer. *See, e.g.*, *Angulo v. City of Phoenix*, 2013 WL 3828778, at *1 (Ariz. Ct. App. July 16, 2013) (finding that the Arizona Supreme Court "held that after an alleged negligent employee was dismissed from the lawsuit with prejudice the employer could not be vicariously liable for the employee's negligence"); *Mathis v. Stone Trucking, Inc.*, 2008 WL 4368232, at *3 (Ariz. Ct. App. Sept. 23, 2008) (holding that dismissal of the agent's liability also extinguishes the plaintiff's cause of action for vicarious liability against the principal). Here, Plaintiffs' negligence and negligence *per se* claims against Mr. Hernandez have not survived summary judgment; therefore, Plaintiffs' vicarious liability claim cannot survive. Accordingly, the Court finds that Defendants are entitled to summary judgment as to Plaintiffs' vicarious liability claim.

### D. Count Four: Negligent Hiring, Retention, and Training[5]

Count Four of Plaintiffs' Complaint allege liability theories based on negligent hiring, retention, and training.[6] (Doc. 1-2 at 6). "An employer is liable for the tortious conduct of its employee if the employer was negligent or reckless in hiring . . . or otherwise

---

[5] While Count Four is titled "Negligent Entrustment/Hireing/Retention [sic][,]" the Court notes that Count Four also contains allegations regarding negligent training; therefore, the Court will construe Court Four as containing claims for negligent training, as well as negligent entrustment, hiring, and retention. (Doc. 1-2 at 6). The Court will analyze negligent entrustment in section III(E).

[6] Negligent hiring, retention, and training are properly characterized as direct theories of liability, as opposed to derivative theories of liability. *See Kopp v. Physician Group of Arizona, Inc.*, 421 P.3d 149, 151 (Ariz. 2018) (holding that plaintiffs' negligent hiring and supervising claims are independent and distinct from claims premised on vicarious liability). Thus, unlike Plaintiffs' vicarious liability claims that resulted solely from the principal-agent relationship between Mr. Hernandez and Mr. Torres and Torres Farms, Plaintiffs' negligent hiring, retention, and training claims are based on the direct action—or inaction—by Mr. Torres and Torres Farms. *See* Restatement (Second) of Agency § 213, cmt. d (1958) ("Liability results under the rule stated in this Section, not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment."). Thus, unlike a vicarious liability claim, dismissal of the allegedly negligent employee does not require dismissal of the independent or direct theories of the employer's negligence. *See Kopp*, 421 P.3d at 152-53. In other words, the dismissal of Mr. Hernandez does not preclude Plaintiffs from asserting a claim against Mr. Torres and Torres Farms its own independent negligence, even if establishing the independent negligence of Mr. Torres and Torres Farms may require proof of Mr. Hernandez's negligence. *See Haines v. Get Air Tucson Inc.,* 2018 WL 5118640, at *4 (D. Ariz. Oct. 22, 2018).

training the employee." *Hernandez v. Singh*, 2019 WL 367994, at *6 (D. Ariz. Jan. 30, 2019) (citation omitted). "[F]or a negligent hiring claim to lie, the employer must have known or had some reason to know of the employee's incompetence before hiring the employee." *Hernandez*, 2019 WL 367994, at *6 (collecting cases). Similarly, to prove negligent retention, the plaintiff must show that the employer knew or should have known the employee was unfit or incompetent to perform his job duties, and the employer's retention of the employee caused plaintiff's injury. *See Sanchez v. City of Tucson*, 2016 WL 8669901, at *6 (D. Ariz. Sept. 30, 2016). "[T]o prevail on a negligent training claim, a plaintiff must show a defendant's training or lack thereof was negligent and that such negligent training was the proximate cause of a plaintiff's injuries." *Hernandez*, 2019 WL 367994, at *7 (citation omitted). Importantly, "[a] showing of an employee's incompetence is not necessarily enough; the plaintiff must also present evidence showing what training should have been provided, and that its omission proximately caused the plaintiff's injuries." *Id.* (citation omitted).

As a preliminary matter, Defendants point out that Plaintiffs have not disclosed any expert to opine on the applicable standard of care that Mr. Torres must follow and allegedly breached through its employment practices, including the hiring, retention, or training of Mr. Hernandez. (Doc. 50 at 8-9; Doc. 55 at 6); *see Contreras v. Brown,* 2019 WL 1980837, at *5 (D. Ariz. May 3, 2019) (finding that in a car accident case the plaintiffs' claim was deficient because the plaintiffs failed to identify a standard of care, which is necessary to determine whether the alleged lack of training was negligent); *Rae v. United States*, 2016 WL 4943378, at *2, 6 (D. Ariz. Sept. 16, 2016) (reasoning that a plaintiff's failure "to disclose an expert, alone, warrants summary judgment" in the defendant's favor because "without a standard of care expert, [the plaintiff] is unable to prove essential elements of her claims" on which plaintiff will bear the burden of proof at trial). Even assuming the truth of Plaintiffs' assertions at the summary judgment stage, Plaintiffs do not cite any state or federal regulation or any legal authority[7] that could demonstrate the shortcomings of Mr.

---

[7] In fact, aside from their legal standard section, the Court notes that Plaintiffs cite no legal authority to support their arguments or claims in their Response. (*See* Doc. 53 at 4-6).

Torres' hiring, retention, and training practices. Nonetheless, the Court will address the merits of Plaintiffs' claims.

For their negligent hiring claim to survive, Plaintiffs must show that Mr. Torres should have known or had some reason to know that Mr. Hernandez was incompetent prior to hiring him. *See Salazar v. Flores*, 2019 WL 1254661, at *3 (D. Ariz. Mar. 18, 2019). Here, the Court finds that the record is devoid of any evidence to suggest that Mr. Torres had actual or constructive knowledge of Mr. Hernandez's alleged incompetence before hiring him. *See Hernandez*, 2019 WL 367994, at *7 (finding that negligent "hiring claim requires proof that [employer] had reason to believe, at the time [employee] was hired[,] . . . that [employee] was incompetent."). In fact, it is undisputed that Mr. Hernandez had prior relevant work experience and Mr. Torres stated that he had no indication that Mr. Hernandez would be a poor employee. (Doc. 51, ¶ 21; Doc. 54, ¶ 21; Doc. 53-4 at 4). Viewing the evidence in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not cited any authority or provided any evidence that the hiring of Mr. Hernandez was negligent. Accordingly, the Court finds that Defendants are entitled to summary judgment as to negligent hiring.

Additionally, for their negligent retention claim to survive, Plaintiffs must demonstrate that Mr. Torres should have known or had some reason to know that Mr. Hernandez was incompetently performing his job duties. *See Salazar*, 2019 WL 1254661, at *3. Plaintiffs fail to demonstrate that after hiring Mr. Hernandez in 1997, Mr. Torres knew or should have known that Mr. Hernandez was incompetently performing his job. *See Vasquez v. City of Phoenix*, 2006 WL 1147716, at *4 (D. Ariz. May 1, 2006). Viewing the evidence in the light most favorable to Plaintiffs, the Court finds no evidence to suggest that Mr. Torres's initial reasonable assumptions that Mr. Hernandez was competent to fulfil the role he was hired to perform should have changed in the nineteen years that Mr. Hernandez worked for Torres Farms. In fact, it is undisputed that Mr. Hernandez has never been disciplined for any activity while he was working at Torres Farms. (Doc. 51, ¶¶ 21, 23-25; Doc. 54, ¶¶ 21, 23-25). Accordingly, the Court finds that Defendants are entitled

to summary judgment as to negligent retention.

Furthermore, for their negligent training claim to survive, Plaintiffs must demonstrate that a lack of training or deficient training was a proximate cause of Plaintiffs' injuries. *See Salazar*, 2019 WL 1254661, at *3. Plaintiffs argue that Mr. Hernandez operated the tractor on the Mohave Road without turning on the tractor's lights and, as a result, Plaintiffs did not see the tractor and collided with it. (Doc. 53 at 5-6). Plaintiffs argue that Mr. Torres "doesn't do hardly any trainings, has no protocols or procedures, has never given [Mr.] Hernandez instructions on doing his job, and never told Mr. Hernandez to make sure he turn the light on while driving the tractor[.]" (*Id.* at 5). However, without establishing the relevant standard of care, Plaintiffs' arguments fall short of demonstrating negligent training. *See Contreras v. Brown*, 2019 WL 1980837, at *6 (D. Ariz. May 3, 2019) (finding that without establishing an industry standard regarding training, plaintiffs were unable to establish how alleged lack of training was negligent); *Guerra v. State*, 323 P.3d 765, 773 (Ariz. Ct. App. 2014), *vacated on other grounds*, 348 P.3d 423 (Ariz. 2015) (finding that, even if defendants failed to provide guidelines or guidance regarding required specific job duties, to succeed on a negligent training claims, plaintiffs were required to establish what trainings should have been given and identify how the given trainings were deficient).

Assuming that Plaintiffs are correct that Mr. Torres did not offer trainings and never specifically instructed Mr. Hernandez to operate the tractor with the lights on, Plaintiffs still have not established that such training was necessary because, as Plaintiffs concede, Mr. Hernandez had prior farm work experience and always operated the tractor with the lights on. (*See* Doc. 54 at 3 ("[Mr.] Hernandez was asked at his deposition if he checked to make sure the lights were functioning before he left the farm. His answer was 'We do that all the time. We turn them on, day or at night. We have to have them on.'")). In other words, Plaintiffs cannot show that Mr. Torres was negligent for failing to provide training to Mr. Hernandez regarding light operation because it is undisputed that Mr. Hernandez had a practice of always turning the tractor lights on.

Moreover, even if Mr. Hernandez did negligently operate the tractor without lights on the night of the collision, that fact alone does not establish that he was inadequately trained. *See Guerra v. State*, 323 P.3d 765, 773 (Ariz. Ct. App. 2014), *vacated on other grounds*, 348 P.3d 423 (Ariz. 2015) ("[A]lleged negligence in performing job duties does not automatically amount to a showing of negligent training."). Instead, Plaintiffs have to demonstrate that Mr. Hernandez needed training, Mr. Torres failed to provide such training, and that failure resulted in Plaintiffs' injuries. *See Id.* at 772-73 ("A showing of an employee's incompetence is not necessarily enough; the plaintiff must also present evidence showing what training should have been provided, and that its omission proximately caused the plaintiff's injuries."). The only evidence that the training—or lack thereof—was negligent are Plaintiffs' conclusory statements to that effect. Plaintiffs have not identified or presented evidence from which a jury could find that Mr. Torres failed to provide training, which was necessary and that would have prevented the collision. *See Hernandez*, 2019 WL 367994, at *7. Accordingly, the Court finds that Defendants are entitled to summary judgment as to negligent training.

### E. <u>Count Four: Negligent Entrustment[8]</u>

To establish a negligent entrustment claim under Arizona law, Plaintiffs must prove the following elements:

> (1) that Defendant owned or controlled a vehicle; (2) Defendant gave the driver permission to operate a vehicle; (3) the driver, by virtue of his physical or mental condition, was incompetent to drive safely; (4) the Defendant knew or should have known that the driver, by virtue of his physical or mental condition, was incompetent to drive safely; (5) causation; and (6) damages.

*Acuna v. Kroack*, 128 P.3d 221, 227 (Ariz. Ct. App. 2006) (internal quotation omitted).

Defendants argue that there is no evidence that Mr. Hernandez, by virtue of his physical or mental condition, was incompetent to drive safely. (Doc. 50 at 10). Plaintiffs did not respond to Defendants' arguments regarding negligent entrustment, nor did they produce evidence that contradicts Defendants' arguments. The undisputed facts

---
[8] Negligent entrustment is also properly characterized as a direct theory of liability. *See supra* note 6.

demonstrate that Mr. Hernandez has operated a tractor since 1994, and during that time he has never been disciplined for any activity and he has never been involved in any other farm equipment collision. (Doc. 51 ¶¶ 21, 23, 24; Doc. 54 ¶¶ 21, 23, 24). Plaintiffs have not identified or presented evidence from which a jury could find that Mr. Hernandez was incompetent or otherwise unfit to drive when Mr. Torres entrusted the tractor to him. *See Hernandez,* 2019 WL 367994, at *3.* Thus, Plaintiffs cannot satisfy the third element of a negligent entrustment claim (or the subsequent elements, which are based on Mr. Hernandez's competency). Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim for negligent entrustment.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 50) is **GRANTED**. The Court respectfully requests that the Clerk of Court enter judgment accordingly and terminate this matter in its entirety.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Expedited Ruling Regarding Defendants' Motion for Summary Judgment (Doc. 57) is **DENIED** as moot.

Dated this 4th day of June, 2019.

Honorable Diane J. Humetewa
United States District Judge